**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Honorable Bruce W. Black |
| ) | Case No. 09-10818 |
| MID-STATES EXPRESS, INC., <u>et al</u>., ) | (Jointly Administered) |
| ) | |
| Debtors. [1] ) | Chapter 11 |
| ) | |
| ) | Presentation Date: April 9, 2009 |
| ) | Presentation Time: 9:30 a.m. (Requested) |
| ) | |

**NOTICE OF MOTION**

     PLEASE TAKE NOTICE that on April 9, 2009 at the hour of 9:30 a.m., or at such other time as the Court may schedule, the undersigned shall appear before the Honorable Bruce W. Black, in Courtroom 615, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge sitting in his stead, and then and there present **DEBTORS' MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C. §§ 105, 361, 362, AND 363 AND BANKRUPTCY RULES 2002, 4001 AND 9014(1) AUTHORIZING MID-STATES EXPRESS, INC. AS DEBTOR IN POSSESSION, TO (A) USE CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION AND (C) SETTING A FINAL HEARING**, at which time you may appear if you see fit and a copy of which is attached and herewith served upon you.

Chicago, Illinois
Dated:   April 7, 2009

                              By:  /s/ Gerald F. Munitz
                                   Gerald F. Munitz (ARDC #1990470)
                                   Neal L. Wolf (ARDC #6186361)
                                   Kevin J. O'Brien (ARDC #6193882)
                                   Karen M. Borg (ARDC #6228879)
                                   BUTLER RUBIN SALTARELLI & BOYD LLP
                                   70 West Madison Street, Suite 1800
                                   Chicago, Illinois 60602
                                   (312) 444-9660

                                   Proposed Attorneys for Debtor

438891v1

---

[1]    The Debtors consist of: Mid-States Express, Inc. (FEIN: 39-1635428) and Hartmann Properties LLC (FEIN: 36-4421564).

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Honorable Bruce W. Black |
| | ) | Case No. 09-10818 |
| MID-STATES EXPRESS, INC., <u>et al</u>., | ) | (Jointly Administered) |
| | ) | |
| Debtors.[1] | ) | Chapter 11 |
| | ) | |
| | ) | Presentation Date: April 9, 2009 |
| | ) | Presentation Time: 9:30 a.m. (Requested) |
| | ) | |

**MOTION FOR INTERIM AND FINAL ORDERS UNDER 11 U.S.C.
§§ 105, 361, 362, AND 363 AND BANKRUPTCY RULES 2002, 4001,
AND 9014(I) AUTHORIZING MID-STATES EXPRESS, INC. AS DEBTOR
IN POSSESSION, TO (A) USE CASH COLLATERAL; (B) GRANTING
<u>ADEQUATE PROTECTION AND (C) SETTING A FINAL HEARING</u>**

Mid-States Express, Inc., debtor and debtor-in-possession (the "Debtor" or "Company") submits this motion (the "Motion") for the entry of an interim (the "Interim Order") and final order ("Final Order") under 11 U.S.C. §§ 361, 362 and 363 and Rules 2002, 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-2 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules") authorizing the Debtor (A) to use Cash Collateral, (B) granting adequate protection and (C) scheduling a final hearing. In support of this Motion, the Debtor respectfully represents as follows:

**Contents of Motion**

The relief requested is the use of $400,750 of cash collateral for the thirteen (13) week period ending July 3, 2009. Of this amount, the sum of $75,000 is to be paid immediately to avoid irreparable damage to the Debtor's estate. Subject to the conduct of a final hearing, the

---

[1] The Debtors consist of: Mid-States Express, Inc. (FEIN: 39-1635428) and Hartmann Properties LLC (FEIN: 36-4421564).

balance of $325,750 will be used to pay the expenses more particularly described on the budget attached hereto as Exhibit 1.

The entities with an interest in cash collateral are named on page 4. The purposes for the use of cash collateral are itemized on attached Exhibit 1. The duration of the use of cash collateral is the thirteen (13) week period ending July 3, 2009. Adequate protection, including a replacement lien, to be provided to the entities with an interest in the cash collateral is detailed at pages 4-5 hereof.

A proposed Interim Order setting a preliminary hearing and a final hearing on the use of cash collateral is attached as Exhibit 2.

## BACKGROUND

**The Chapter 11 Filing**

1. On March 27, 2009 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"). The Debtor continues in possession of its property but ceased operating its business in the ordinary course on March 28, 2009. No creditors' committee has been appointed in this case by the United States Trustee. No trustee or examiner has been appointed in this case.

2. This Court has jurisdiction over this motion pursuant to 28 U.S.C. 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M).

3. The statutory predicates for the relief requested herein are sections 361, and 363 of the Bankruptcy Code and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

2

4. In March 2009, Mid-States operated in 13 Midwestern states with annual sales in excess of $65 million and employed more than 500 persons. The Debtor at present owns approximately 300 tractors and 1,000 trailers. A significant number of trailers are unencumbered and have a conservative value of $800,000. Its accounts receivable exceed $12.5 million.

5. On March 31, 2004, the Debtor and Amcore Bank, N.A. ("Bank") entered into a Loan and Security Agreement, as amended.[2] On March 23, 2009, Amcore Bank, NA ("Bank") arbitrarily ceased funding the Debtor's operations. On March 26, 2009, the Debtor ceased operating its business in the ordinary course and terminated most of its employees.

6. The Debtor commenced an adversary proceeding against the Bank on April 6, 2009 as No. 09-00296.

7. The sum of approximately $6.5 million allegedly is owed to the Bank by Mid-States and is secured by a security interest in various items of property, including accounts, contract rights, general intangibles and payment intangibles. The Debtor disputes the claim of the Bank. Except for a claim for equitable subordination, the complaint does not address the validity, priority or extent of the Bank's claims and security interests and nothing contained in this Motion should be deemed an admission of their validity, priority or extent.

8. At or about August 28, 2008, the Debtor entered into a "true" factoring agreement with Inova Capital Funding, LLC ("Inova"). Under the agreement, the Debtor sells its receivables to Inova. The proceeds of sale payable to the Debtor by Inova are transferred to the Bank pursuant to an agreement among Inova, the Debtor and the Bank.

9. Proceeds derived from the sale of accounts to Inova constitute cash collateral in which the Debtor, Inova, the Bank and possibly other entities such as the Pension Benefit

---

[2] Only the original loan agreement dated March 31, 2004 is attached as Exhibit 3.

3

Guaranty Corporation have an interest. The amount of cash collateral in Inova's possession as of April 7, 2009, is estimated at $310,000.

    10.    Compliance with Bankruptcy Rule 4001(B)(1) and Local Rule 4001-2.

        a.    As stated above, in addition to the Debtor, Amcore and Inova, other entities such as the Pension Benefit Guaranty Corporation (PBGC) may have an interest in the cash collateral.

        b.    The cash collateral is proposed to be used for the payment of winding down the Debtor's business including the assembly and sale or other disposition of tractors and trailers and other personal property such as office furniture and equipment. Exhibit 1 sets forth the persons to be employed and their compensation and the other expenses proposed to be paid in collecting accounts and preparing the Debtor's personal property for sale.

        c.    The use of cash collateral would be for the 13 week period ending July 3, 2009 or such earlier date as unencumbered funds become property of the Debtor's estate.

        d.    As adequate protection for Bank's interest in cash collateral, a security interest will be granted to it on 150 unencumbered trailers owned by the Debtor with an estimated liquidation value of $500,000.

        e.    As adequate protection for Inova's interest in the cash collateral:

            i.    nothing herein contained shall affect Inova's rights and remedies under its Agreement dated August 28, 2008, with the Debtor, including its right to the possession of records pertaining to the accounts sold to it, including computer data;

            ii.    that Inova be authorized to use up to $20,000 from cash collateral collected after April 15, 2009 for the payment of its expenses in collecting the accounts it purchased from the Debtor. All disbursements made by Inova will be subject to final allowance by the bankruptcy court consistent with the provisions of section 506(b) of the Bankruptcy Code.

            iii.    If an account debtor of the Debtor also is an account debtor of Inova, the collection of the accounts shall be administered by Inova until its account is paid or otherwise resolved.

            iv.    Inova may enter into an arrangement with Steve Hartmann for his assistance in effecting the collection of accounts purchased by Inova from the Debtor; and

        v.      Inova will be granted a security interest on 50 unencumbered trailers with an estimated liquidation value in excess of $150,000.

    f.      No adequate protection is proposed for the PBGC until such time as it establishes an interest in the cash collateral and that such interest is impaired.

11.      Immediate Use of Cash Collateral.  The Debtor respectfully requests that a preliminary hearing on the use of $75,000 of cash collateral be heard immediately to avoid irreparable harm to the Debtor's estate.  The $75,000 would be used for the payment of current wages, for the continuation of utility services, for obtaining possession of equipment located at third party locations and securing property in the possession of the Debtor.

12.      Under section 361 of the Bankruptcy Code, adequate protection may be provided by making a cash payment or periodic cash payments, by providing an additional or replacement lien, or by such other method as will result in the entity entitled thereto realizing the indubitable equivalent of its interest in the subject property.

13.      The determination of adequate protection is a fact-specific inquiry to be decided on a case-by-case basis.  *See In re Mosello*, 195 B.R. 277, 288 (Bankr. S.D.N.Y. 1996); *In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987).  Adequate protection can be provided in a number of ways (*see, e.g.*, 11 U.S.C. § 361), with the focus being to protect a secured creditor from diminution in the value of its interest in the collateral during the period of use.  *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) (purpose of adequate protection is "to safeguard the secured creditor from diminution in the value of its interest during the Chapter 11 reorganization"); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986) (same); *In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988).

**Approval of Interim Relief**

14.      Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash

5

collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. Upon request, however, pursuant to Bankruptcy Rules 4001(b) and Local Rule 4001-2(B), the Court is authorized to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate.

15.     The Debtors require the immediate use of $75,000 of Cash Collateral to pay present operating expenses, including payroll for current employees, the payment for utility services and recovering possession of its property. The use of the cash collateral is necessary to avoid immediate and irreparable damage to the Debtor's estate. The Debtor submits that interim relief pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2(B) is appropriate.

16.     The Debtor requests that the Court schedule and conduct an interim hearing to consider entry of the proposed Interim Order (a) authorizing the Debtor to utilize $75,000 of cash collateral as provided in the proposed Interim Order, and (b) granting the adequate protection provided in the proposed Interim Order. This relief will enable the Debtor to avoid immediate and irreparable harm and prejudice to its estate pending the Final Hearing.

**Establishing Notice Procedures and Scheduling Final Hearing**

17.     Notice of this Motion will be given by electronic mail, facsimile, and/or overnight delivery to the following parties or, in lieu thereof, to their counsel: (1) the Office of the United States Trustee; (2) Amcore Bank NA; (3) Inova Financial Services; (4) The Pension Benefit Guaranty Corporation; (5) the Internal Revenue Service; (6) holders of the Debtor's 20 largest unsecured claims; and (7) parties of record herein (collectively, the "Initial Notice Parties"). The Debtor submits that, under the circumstances, no further notice of the hearing on the interim financing is necessary and requests that any further notice be dispensed with and waived.

18. The Debtor further respectfully requests that the Court schedule the Final Hearing and authorize it to serve a copy of the signed Interim Order which fixes the time and date for the filing of objections by first class mail upon (i) the Initial Notice Parties, (ii) counsel to any statutory committees appointed in this chapter 11 case, and (iii) any party who filed a request for notices in this chapter 11 case pursuant to Bankruptcy Rule 2002 prior to the date set forth in the Interim Order for service of notice of the Final Hearing. The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule 4001 and Local Rule 4001-2.

19. The Debtor expressly reserves the right to request the use of additional cash collateral for cause shown pursuant to section 363 of the Bankruptcy Code.

20. No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor requests that the Court enter the proposed Order and Notice and grant such other and further relief as may be appropriate in the circumstances.

Dated: Chicago, Illinois

April 7, 2009

By: /s/ Gerald F. Munitz
Gerald F. Munitz (ARDC #1990470)
Neal L. Wolf (ARDC #6186361)
Kevin J. O'Brien (ARDC #6193882)
Karen M. Borg (ARDC #6228879)
BUTLER RUBIN SALTARELLI & BOYD LLP
70 West Madison Street, Suite 1800
Chicago, Illinois 60602
(312) 444-9660

Proposed Attorneys for Debtor

438639v1