# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) Case No.  09-10818 |
| MID-STATES EXPRESS, INC. | ) |
| | ) The Honorable  Bruce W. Black |
| Debtor. | ) Presiding |
| | ) **Hearing: Feb. 17, 2009 at 9:30 a.m.** |
| | ) |

## NOTICE OF MOTION TO LIQUIDATE DEBTOR'S EMPLOYEE BENEFIT PLAN

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on February 17, 2010 at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bruce W. Black in Courtroom 615, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the Trustee's **Motion To Liquidate Debtor's Employee Benefit Plan,** at which time and place you may appear as you see fit.

*RONALD R. PETERSON, not individually but as chapter 7 Trustee for Mid-States Express, Inc.*


BY:            /s/ *Ronald R. Peterson*
                        Ronald R. Peterson

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
JENNER & BLOCK, LLP
353 N. Clark St.
Chicago, Illinois 60654
PH:    312/222-9350
FAX:   312/527-0484

Dated:  February 2, 2010

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 Liquidation |
| | ) Case No.  09-10818 |
| MID-STATES EXPRESS, INC. | ) |
| | ) The Honorable  Bruce W. Black |
| Debtor. | ) Presiding |
| | ) **Hearing: Feb. 17, 2010 at 9:30 a.m.** |
| | ) |

## MOTION TO LIQUIDATE DEBTOR'S EMPLOYEE BENEFIT PLAN

Ronald R. Peterson, not individually, but as chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Mid-States Express, Inc., (the "Debtor"), pursuant to 11 U.S.C. §§ 704(a)(11) and 105(a), respectfully requests entry of an order (the "Order") authorizing him to liquidate the Debtor's employee benefit plan, the contents of which are found in the "Mid-States Express, Inc. 401(k) Plan & Trust" (the "401(k) Plan") and the "Defined Contribution Plan & Trust" (the "Defined Plan" and together with the 401(k) Plan, the "Plan"), authorizing the Trustee to disburse the corpus of the Plan to the Plan's participants, authorizing the Trustee to pay the administrative expense costs associated with the liquidation and disbursement of the Plan from the corpus of the Plan, and waiving any distributions under one-hundred dollars.  In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b).

3. This application is made pursuant to 11 U.S.C. §§ 704(a)(11) and 105(a).

## INTRODUCTION

4. On March 27, 2009, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code.

5. On May 6, 2009, the Court entered an order converting the Debtor's case to a case under chapter 7 of title 11 of the United States Code. On May 8, 2009, the United States Trustee for the Northern District of Illinois appointed Ronald R. Peterson as Trustee.

6. Prior to its bankruptcy filing, the Debtor implemented the Plan for the benefit of certain employees who qualified under the terms of the Plan. A copy of the Plan is attached as Exhibit A. In addition, the Plan was amended in 2005, 2006, and 2008 (collectively, the "Amendments"). A copy of the Amendments is attached as Exhibit B.

7. Under the terms of the Plan, Consulting Actuarial Group, Inc. (the "Consulting") served as the administrator (the "Administrator") of the Plan.

8. At the time of the Debtor's bankruptcy petition, 157 individuals were participants in the Plan (the "Plan Participants") and collectively were entitled to $1,261,928.86. A copy of the names and amounts held by each Plan Participant is attached as Exhibit C.

9. The Trustee has not made any disbursements under the Plan since his appointment.

## RELIEF REQUESTED

10. The Trustee seeks entry of an Order (i) authorizing the Trustee to liquidate the Plan, (ii) authorizing the Trustee to disburse the corpus of Plan to the Plan Participants, (iii) authorizing the Trustee to pay the administrative expense costs associated with the liquidation of and disbursement from the corpus of the Plan, and (iv) waiving any distributions under one-hundred dollars.

2

**BASIS FOR RELIEF**

I.  The Court Has "Related To" Jurisdiction to Enter the Requested Order

11. The Court has jurisdiction to grant the relief the Trustee seeks. While the Plan and its corpus is excluded from the Debtor's Estate pursuant to § 541(b)(7), the Court has jurisdiction to enter the Order pursuant to 28 U.S.C. §§ 157(a) and 1334 as this is a proceeding that is "related to a case under [the Bankruptcy Code]". 28 U.S.C. § 1334(b) through § 157(a) provides that a bankruptcy court has jurisdiction over "all civil proceedings arising under [the Bankruptcy Code], or arising in or related to cases under [the Bankruptcy Code]." While Congress has not precisely set out the scope of the Court's "related to" jurisdiction, the Supreme Court has held that "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (internal quotations and citations omitted). In the Seventh Circuit, a bankruptcy court, may exercise "related to" jurisdiction over a proceeding if that proceeding "affects the amount of property for distribution (i.e., the debtor's estate) or the allocation of property among creditors." *In re FedPak Sys., Inc.*, 80 F.3d 207, 214-14 (7th Cir. 1996) (quoting *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)).

12. The relief sought by the Trustee will affect the Debtor's Estate and the allocation of property among its creditors. First, the liquidation and distribution of the Debtor's Plan as well as the means by which such a liquidation and distribution is conducted concerns the administration of the Debtor's Estate. Several Plan Participants have filed proofs of claim against the Estate based on amounts held in their 401(k) accounts. The potential liability of the Estate from potential claims by the Plan Participants is approximately $1.25 million. The

3

Trustee's Motion likely will resolve such claims against the Estate.  If the Trustee's Motion is denied then the Plan Participants' claims will continue against the Estate and be subject to whatever pro rata distribution the Trustee eventually makes in the case – a distribution that certainly will be diminished if the Plan Participants' claims must be satisfied from the Estate's assets.  Similarly, part of the Trustee's proposed Order seeks a determination that the Trustee may pay for the administrative expenses incurred in liquidating and distributing the Plan from the corpus of the Plan.  Should the Court deny the Trustee's motion then such administrative expenses would be sought from the Estate's assets and would thereby decrease the pool of available Estate assets for distribution.  Therefore, the Trustee's Motion falls under the Court's "related to" jurisdiction.  *See In re Trans-Industries, Inc.*, 419 B.R. 21, 34-43 (Bankr. E. D. MI. 2009) (finding "related to" jurisdiction where the outcome of the Trustee's ERISA-based adversary proceeding "will affect … the amount of the distribution that creditors of the bankruptcy estate will receive" and where the Trustee sought to use funds from the debtor's plan to pay the Trustee's administrative costs).

II.    The Court May Enter a "Final" Order as the Requested Relief is a "Core" Proceeding

13.    Not only does the Court have jurisdiction to hear the Trustee's Motion but the Court also may enter a final order on the Trustee's Motion as the requested relief constitutes a "core" proceeding.  28 U.S.C. § 157(b) provides, in part, that "[b]ankruptcy judges may hear and determine … all core proceedings …."  While 28 U.S.C. §157(b)(2) provides a non-exclusive list of certain core proceedings, the Seventh Circuit has stated that a "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (quoting *Barnett v. Stern*, 909 F.2d 973, 981 (7th

4

Cir. 1990)).

14. The Trustee seeks the relief requested because § 704(a)(11) creates a duty for the Trustee to administer the Debtor's Plan. In other words, the Trustee's Motion is before the Court because the Trustee believes that the relief requested is necessary for the Trustee's to fulfill his statutory duties under the Bankruptcy Code. Therefore, the Trustee's Motion addresses a situation that "by its nature, could only arise in the context of a bankruptcy case" and therefore constitutes a core proceeding. *Diamond Mortgage*, 913 F.2d at 1239. Whatever the precise limits of what constitutes a "core" proceeding are, the concept certainly includes a bankruptcy court's ability to oversee the Trustee, the administrator of the Debtor's Estate, in carrying out a duty prescribed to him by the Bankruptcy Code.

III. <u>The Requested Relief is in the Best Interest of the Debtor's Estate and Creditors</u>

15. Section 704 of the Bankruptcy Code sets out the duties of the Trustee in this case. Section 704(a)(11) provides that "if, at the time of the commencement of the case, the debtor (or an entity designated by the debtor) served as an administrator … of an employee benefit plan, [the Trustee shall] continue to perform the obligations required of the administrator." In short, § 704(a)(11) provides for the Trustee to succeeded the Debtor or the entity appointed by the Debtor as the plan administrator. The Debtor appointed Consulting to serve as the Administrator. Therefore, pursuant to § 704(a)(11), the Trustee must now perform the functions of Administrator.

16. The Plan provides that "[t]he Plan will terminate on the date of the first to occur of the following … [t]he date that the [Debtor] permanently discontinues its contributions under the Plan; or … [t]he dissolution … or reorganization of the [Debtor]." The Defined Plan ¶14.3(b), (c).

5

17. Further, the Plan provides that distributions may be made to Plan Participants when "[t]he [Debtor] terminates the Plan." *Id*. at ¶9.2(d). Given that the Debtor has permanently discontinued its contributions under the Plan and the Trustee is now in the process of liquidating all of the Debtor's assets, distributions may be made to the Plan Participants.

18. In administering, liquidating and disbursing the Plan, administrative expenses have and will be incurred. The Plan provides that the Administrator's expenses in performing his duties shall be paid from the corpus of the Plan. *See* Exhibit B, First Plan Amendment. The Trustee now seeks authority to pay the administrative expenses that arise from the Trustee's administration of the Plan from the corpus of the Plan. Specifically, Jenner & Block LLP ("Jenner"), the Trustee's primary counsel, have thus far incurred expenses of $36,982.00 in assisting the Trustee in administering the Plan. A copy of the fees and expenses incurred by Jenner in connection with the Plan is attached as Exhibit D. The Trustee, however, only requests that he be allowed to pay Jenner $25,000.00 for all of Jenner's administrative expenses incurred in administering the Plan. This administrative expense payment will serve to fully compensate Jenner for the fees and expenses incurred in administering the Plan and Jenner will not seek any further compensation for administering the Plan during the course of this case. In addition, Consulting has also incurred expenses for the period of time where it served as the Plan's Administrator. Specifically, Consulting seeks compensation of $12,220.00 for administrative and compliance work as well as for certain plan termination services that Consulting will provide. A copy of the expenses incurred by Consulting is attached as Exhibit E.

19. Of the $37,220.00 in administrative expense claims that the Trustee seeks to pay only $26,986.00 will be paid out of the corpus of the Plan as $11,300.00 will be paid out of a Plan Forfeiture Account that was set-up in connection with the Plan. In short, if the Court grants

6

the Trustee the relief he seeks, the expense charge to the Plan Participants' existing account balance only will be 2.08%. The Trustee maintains that the administrative expense allowance he seeks is fair and reasonable for the services performed. Further, the Trustee has limited the amount he seeks so as not to unnecessarily diminish the return realized by the Plan Participants.

20. Finally, the Trustee requests that the Court waive distributions for amounts under $100.00. While the vast majority of the Plan Participants have substantial sums of money invested in the Plan, some Plan Participants hold less that a $100.00 interest in the Plan. The Trustee has been advised that for these Plan Participants the cost of distribution would be greater than the amounts actually distributed. Given this fact, the Trustee respectfully requests that the Court waive the disbursements for those Plan Participants whose account balances are less than $100.00.

21. The Trustee believes that the Proposed Order will expeditiously return the Plan Participants' money. The Plan Participants have been unable to access their money for almost a year. Given this fact, the Trustee believes that his duties under § 704(a)(11) require that the Plan be liquidated and the corpus of the Plan be distributed as soon as possible.

7

WHEREFORE, the Trustee respectfully requests that the Court grant the relief herein and such other and further relief as it deems just and proper.

Dated: February 2, 2010

*RONALD R. PETERSON, not individually but as chapter 7 Trustee for the bankruptcy estate Mid-States Express, Inc.*

By: /s/ Ronald R. Peterson
      Ronald R. Peterson

Ronald R. Peterson (2188473)
Landon S. Raiford (6297473)
JENNER & BLOCK, LLP
353 N. Clark St.
Chicago, Illinois 60654
PH: 312/222-9350
FAX: 312/527-0484

8